101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen TAYLOR, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 95-55886.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 15, 1996.
 
 1
 Before: BROWNING, THOMPSON, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Substantial evidence supported the Administrative Law Judge's determination that Stephen Taylor was ineligible for disability insurance benefits.
 
 
 4
 Taylor argues the ALJ's decision lacked evidentiary support because the vocational expert's testimony contradicted the Dictionary of Occupational Titles (DOT).
 
 
 5
 Although "[t]he DOT is not the sole source of admissable information concerning jobs," if the Commissioner relies "on expert testimony which contradicts the DOT ..., the record [must] contain[ ] persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995) (citation and internal quotation omitted).
 
 
 6
 The vocational expert's testimony contradicted the DOT in two respects. The vocational expert testified that Taylor could perform the duties of a hospital cleaner, but the physical abilities required by this occupation exceed Taylor's physical abilities. The vocational expert testified Taylor could perform the duties of a produce sorter or stone setter, but the ALJ stated Taylor was not capable of the "repetitive gripping" required for these occupations according to the DOT.[1]
 
 
 7
 These contradictions were harmless. The vocational expert listed three other jobs that Taylor could perform, and 115,000 of these jobs exist in the national economy. Taylor argues the vocational expert's testimony regarding the reasoning skills required for these occupations contradicted the DOT. We do not agree. The vocational expert testified that these occupations involved simple, repetitive work. According to the DOT, these occupations require applying commonsense understanding to standardized situations. Work that requires commonsense understanding is simple, and standardized situations occur repetitively.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Taylor contends the ALJ erred by failing to make a specific finding that Taylor's ability to repeatedly grip with his right hand was limited. Because the ALJ included this limitation in his hypothetical question to the vocational expert, the error was harmless. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir.1988) (when ALJ poses hypothetical question to vocational expert, the question must set forth all of the claimant's limitations)